RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/17/11

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **FRANCES PARKER** | **CIVIL ACTION NO. 09-1859** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **JOHN DUFRESNE, ET AL** | **MAG. JUDGE MARK HORNSBY** |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff Frances Parker's Appeal [Doc. No. 44] of the November 18, 2010 Memorandum Ruling [Doc. No. 41] of the Magistrate Judge, granting in part and denying in part Plaintiff's Motion for Leave to File an Amended and Supplemental Complaint [Doc. No. 37].[1]

On October 30, 2009, Plaintiff filed this suit against Defendants John Dufresne ("Dufresne"), John Philbin ("Philbin"), John Otterbacher, and Grand Valley State University based on allegations of copyright infringement, breach of contract, and tort theories. On January 14, 2010, Defendants filed a Motion to Dismiss [Doc. No. 9] based, in part, on the Court's lack of personal jurisdiction over Defendants. The motion was referred to Magistrate Judge Mark Hornsby for Report and Recommendation. [Doc. No. 26]. On June 29, 2010, the Court adopted the Magistrate Judge's May 18, 2010 Report and Recommendation and dismissed all claims against Defendants except for a copyright infringement claim against Dufresne related to the publishing of Dufresne's short story. [Doc. No. 33]. Plaintiff then filed a Motion for Leave to File an Amended and Supplemental

---

[1] Plaintiff's Motion for Leave to File an Amended and Supplemental Complaint is a non-dispositive matter. *See PYCA Indus., Inc. v. Harrison Co. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 n.11 (5th Cir. 1996). Under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), the Court reviews a magistrate judge's rulings on non-dispositive matters only to determine whether they are clearly erroneous or contrary to law.

Complaint [Doc. No. 37], seeking to add claims for unfair and deceptive trade practices, unjust enrichment, and breach of contract against Dufresne "based on his actions in using [Plaintiff's] independent research, exclusive interviews, personal observations and notes, without her consent, to write the short story, *Based on a True Story*." [Doc. No. 44]. Plaintiff also sought leave to add claims for intentional infliction of emotional distress and false light invasion of privacy against Philbin "for his actions subsequent to the filing of the Complaint." *Id.* The motion was referred to Magistrate Judge Hornsby.

On November 18, 2010, the Magistrate Judge issued a Memorandum Ruling [Doc. No. 41], granting Plaintiff leave to add claims against Philbin, but denying Plaintiff leave to add claims against Dufresne. Pertinent to Plaintiff's Appeal, the Magistrate Judge held that the Court lacked personal jurisdiction with respect to Plaintiff's claims for unfair and deceptive trade practices and unjust enrichment because "[a]ll of the alleged misuse of the research and notes to write the story occurred in Florida." [Doc. No. 41, p. 4]. Plaintiff appealed the Magistrate Judge's decision insofar as it denied her leave to add claims for unfair and deceptive trade practices and unjust enrichment. [Doc. No. 44].

Plaintiff argues that the Magistrate Judge erred because he "failed to consider the contacts between Defendant Dufresne and Louisiana, stating only that the alleged misuse of the research and notes to write the story occurred in Florida." [Doc. No. 44]. Plaintiff further argues that "[it] is the contacts between Mr. Dufresne and the forum state – Louisiana – that must be considered." *Id.*

Plaintiff's proposed claims for unfair and deceptive trade practices and unjust enrichment relate to the same conduct as her remaining claim for copyright infringement, namely, the publishing of Dufresne's short story in a Louisiana literary magazine and Dufresne's personal appearance in

2

Louisiana to promote the W. W. Norton anthology that included the short story. Therefore, if the Court has jurisdiction over Plaintiff's remaining claim for copyright infringement, it also has jurisdiction over Plaintiff's proposed claims for unfair and deceptive trade practices and unjust enrichment. The Court already held in its June 29, 2010 Judgment, which adopted the May 18, 2010 Report and Recommendation, that the Court had jurisdiction over Plaintiff's claim for copyright infringement related to the publishing of Dufresne's short story. Specifically, the Court, in an adopted portion of the May 18, 2010 Report and Recommendation, stated:

> The record does support the exercise of specific jurisdiction over Dufresne in connection with the claim that he infringed Plaintiff's copyright when he published his short story. **The story was published in a Louisiana literary magazine. Dufresne also visited Louisiana during a book tour to promote the W. W. Norton anthology that included the story.** A person should reasonably anticipate being haled into court if he publishes and promotes within a state a story that is alleged to infringe a copyright, especially if the copyright is held by a citizen of that state.

[Doc. No. 26, pp. 13-14 (emphasis added)]. Because the Court found the necessary minimum contacts to find that it had jurisdiction over Plaintiff's claim for copyright infringement related to the publishing of Dufresne's short story, the Magistrate Judge's finding that the Court lacks jurisdiction over Plaintiff's proposed claims for unfair trade practices and unjust enrichment was clearly erroneous and contrary to law. While "[a]ll of the alleged misuse of the research and notes to write the story occurred in Florida," that misuse ultimately led Dufresne to publish his short story in a Louisiana literary magazine and appear in Louisiana to promote the W. W. Norton anthology that included the short story. Like Plaintiff's remaining claim for copyright infringement, a person could reasonably anticipate being haled into court if he publishes and promotes within Louisiana a story that is alleged to be an unfair and deceptive trade practice and unjust enrichment against a

Louisiana resident.[2] Therefore,

IT IS ORDERED that the November 18, 2010 Memorandum Ruling of the Magistrate Judge is AFFIRMED IN PART and REVERSED IN PART. Plaintiff is allowed to amend her Complaint to add claims against Dufresne for unfair trade practices and unjust enrichment related to the publishing of Dufresne's short story.

MONROE, LOUISIANA, this 17 day of February, 2011.

ROBERT G. JAMES
UNITED STATES DISTRICT COURT

---

[2]Contrary to Defendant's argument, the doctrine of *res judicata* is inapplicable to this case. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 95 (1980). The Court's June 29, 2010 Judgment, which adopted the May 18, 2010 Report and Recommendation, was not a judgment on the merits.